COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-388-CR

 

 

EX PARTE JOHN WESLEY JONES                                                           

                                                                                                        

 

                                              ------------

 

           FROM
COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Appellant John Wesley Jones
appeals from the trial court=s order denying him relief on his application for writ of habeas
corpus filed pursuant to article 11.072 of the Texas Code of Criminal
Procedure.  Acting pro se, Jones argues
that he was denied effective assistance of counsel at trial and on direct
appeal, that his rights guaranteed under the Fourth Amendment were violated,
that the State engaged in prosecutorial misconduct, that the evidence is
insufficient to support his conviction, and that the trial court erroneously
failed to hold a hearing on his application.[2]  We will affirm.

II.  Procedural Background

In January 2004, a jury
convicted Jones of criminal trespass, and the trial court sentenced him to 365
days= confinement and a $4,000 fine. 
The trial court suspended imposition of the jail term and $2,000 of the
fine and placed Jones on community supervision for twenty-four months.  Jones filed a notice of appeal, and on
September 29, 2005, a panel of this court issued a memorandum opinion affirming
the trial court=s
judgment.  See Jones v. State, No.
02-04-00115-CR, 2005 WL 2402746 (Tex. App.CFort Worth Sept. 29, 2005, no pet.) (mem. op.) (not designated for
publication).[3]








On June 12, 2007, Jones filed
his application for an article 11.072 writ of habeas corpus.  On September 14, 2007, the trial court signed
an order indicating that it had considered Jones=s application without conducting a hearing, that Jones was manifestly
entitled to no relief, that the application was frivolous, and that the
application was denied.  Jones timely
filed a notice of appeal.[4]

III.  Article 11.072 and Standard of Review








Article 11.072 provides an
opportunity for habeas corpus relief for defendants convicted of a felony or
misdemeanor and ordered to community supervision.  See Tex.
Code Crim. Proc. Ann. art. 11.072, ' 1 (Vernon 2005); Ex parte Cummins, 169 S.W.3d 752, 756
(Tex. App.CFort Worth
2005, no pet.).  If the trial court
denies the application in whole or in part, the applicant may appeal under
article 44.02 and rule 31 of the Texas Rules of Appellate Procedure.  See Tex.
Code Crim. Proc. Ann. art. 11.072, ' 8; Ex part Villanueva, 252 S.W.3d 391, 396B97 (Tex. Crim. App. 2008).

In reviewing the trial court=s decision to grant or deny habeas corpus relief, we view the facts in
the light most favorable to the trial court=s ruling and, absent an abuse of discretion, uphold the ruling.  See Ex parte Peterson, 117 S.W.3d 804,
819 (Tex. Crim. App. 2003), overruled on other grounds by Ex parte Lewis,
219 S.W.3d 335 (Tex. Crim. App. 2007); Ex parte Twine, 111 S.W.3d 664,
665 (Tex. App.CFort Worth
2003, pet. ref=d).  In conducting our review, we afford almost
total deference to the judge=s determination of the historical facts that are supported by the
record.  Twine, 111 S.W.3d at
665.  If the resolution of the ultimate
question turns on an application of legal standards, we review the
determination de novo.  Peterson,
117 S.W.3d at 819.

IV.  Ineffective Assistance of CounselCTrial








Jones argues that his trial
counsel rendered ineffective assistance by failing to object to the
introduction of evidence that he was intoxicated at the time of the offense; by
failing to conduct an adequate investigation and to call rebuttal witnesses; by
failing to request a limiting instruction regarding evidence of his
intoxication; by failing to file a request for notice of extraneous offenses;
by failing to call additional character witnesses; by permitting the
introduction into evidence of his 1975 arrest; by failing to give an
appropriate closing argument at the punishment phase of trial; by failing to
request a jury instruction on the affirmative defense of justification; by
failing to thoroughly cross-examine law enforcement witnesses; by failing to
give an appropriate closing argument at the guilt/innocence phase of trial; and
by failing to adequately interview him and keep him informed.








To prevail on a claim of
ineffective assistance of counsel, the defendant must show that trial counsel=s performance was deficient and that a reasonable probability exists
that the result of the proceeding would have been different but for the deficiency.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984). 
The first prong of the Strickland test requires that the
appellant show that counsel=s performance fell below an objective standard of reasonableness.  Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  The defendant
must prove objectively, by a preponderance of the evidence, that trial counsel=s representation fell below professional standards.  Mitchell v. State, 68 S.W.3d 640, 642
(Tex. Crim. App. 2002).  A reviewing
court must indulge in a strong presumption that counsel=s conduct falls within the wide range of reasonable professional
assistance.  Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065.  Any
allegation of ineffectiveness must be firmly founded in the record, and the
record must demonstrate affirmatively the alleged ineffectiveness.  Thompson, 9 S.W.3d at 813.  The second prong requires that the defendant
show a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  See Strickland, 466
U.S. at 694, 104 S. Ct. at 2068; Thompson, 9 S.W.3d at 812.

A.     Intoxication Evidence

Jones contends that his trial
counsel was ineffective because he failed to object to evidence that Jones was
intoxicated when a peace officer with the Parker County Sheriff=s Department questioned him about his encounter with Joann Hill, the
complainant, on the day of the offense. 
The record demonstrates that the following exchange occurred:

[Prosecutor]:
Officer Perkins, before we broke for lunch, I was asking you about your
conversation with the Defendant at the end of his - - or in his driveway.  As you spoke to the Defendant, did you make
any observations about him?

 

[Officer Perkins]: Yes, I
did.

[Prosecutor]:
And can you describe some of the observations that you made?

 

[Officer Perkins]: I remember
smelling alcohol from his breath.

[Defense
counsel]: Your Honor, I would object to this testimony - - this line of
testimony as being prejudicial under Rule 404(B), 403.  It=s irrelevant to the offense
charged.

 

[Trial Court]: Response.








The record thus demonstrates that Jones=s trial counsel lodged an objection to the officer=s testimony opining that Jones was intoxicated.








To the extent Jones argues
that his trial counsel was ineffective for failing to continuously object to
evidence of intoxication admitted thereafter, we reasoned in our previous
opinion that Jones failed to preserve for appellate review his argument that
the trial court abused its discretion by overruling his extraneous offense
objection to the intoxication evidence because similar evidence had previously
been admitted by way of the 911 recording that Hill initiated when she
encountered Jones in her residence.  See
Jones, 2005 WL 2402746, at *2. 
Included in the appendix to Jones=s application is a A911 Transcript Disclosure@ in which Jones states that A[Trial counsel] told me that we should suppress the [911] tape.  I did not agree to that as it was the only
evidence available to disclose the truth.@  Jones cannot now complain
about trial counsel=s failure to
object to intoxication evidence because the record demonstrates that he is the
one who initially insisted that the 911 recording be played.  Jones has not shown that trial counsel=s performance fell below an objective standard of reasonableness, nor
has he overcome the strong presumption that trial counsel=s conduct fell within the wide range of reasonable professional
assistance.  Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 812.  We overrule this portion of Jones=s ineffective assistance of counsel argument.

B.     Adequate Investigation and
Rebuttal Witnesses

Jones argues that his trial
counsel was ineffective because he failed to conduct an adequate investigation,
which resulted in trial counsel=s failing to call witnesses to rebut the evidence of Jones=s alleged intoxication on the night of the incident.

A criminal defense lawyer has
a duty to make an independent investigation of the facts of a case, which
includes seeking out and interviewing potential witnesses.  Ex parte Welborn, 785 S.W.2d 391, 393
(Tex. Crim. App. 1990).  A breach of the
duty to investigate may result in a finding of ineffective assistance Awhere the result is that any viable defense available to the accused
is not advanced.@  Ex parte Ybarra, 629 S.W.2d 943, 946
(Tex. Crim. App. 1982).  AIn any ineffectiveness case, a particular decision not to investigate
must be directly assessed for reasonableness in all the circumstances, applying
a heavy measure of deference to counsel=s judgments.@  Strickland, 466 U.S. at 691, 104 S.
Ct. at 2066.








Jones points to Ollie Mae
Stevens, an individual whom he cuts trees for, and Mary King, an individual who
accompanied him to the SPCA when he adopted a dog, as individuals who could
have been called as witnesses to rebut the evidence that he was intoxicated,
arguing that they could have testified about Jones=s speech when he spoke on the phone with them on the night of the
incident.  Included in the appendix to
Jones=s application is an affidavit signed by King stating that she spoke to
Jones on the telephone the day of the incident, that he did not seem to be
intoxicated, and that she was not asked to testify.








Although Stevens and King did
not testify, Jones unequivocally testified that he was not intoxicated on the
night of the incident.  Trial counsel
also called Terese Hutchinson, who testified that she has known Jones for about
three years, that they visit often, and that she has never seen him
intoxicated. Applying a heavy measure of deference to trial counsel=s decision not to call Stevens and King to rebut the evidence of Jones=s alleged intoxication, we hold that trial counsel=s decision not to call Stevens and King was reasonable under the
circumstances because trial counsel rebutted the evidence that Jones was
intoxicated through the testimonies of Jones and Hutchinson.  Trial counsel could have also reasonably
concluded that the testimonies of Stevens and of King would be cumulative.  Because trial counsel advanced Jones=s intoxication rebuttal evidence, Jones has not shown that trial
counsel=s performance fell below an objective standard of reasonableness, nor
has he overcome the strong presumption that trial counsel=s conduct fell within the wide range of reasonable professional
assistance.  Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 812.  We overrule this portion of Jones=s ineffective assistance of counsel argument.

Jones additionally complains
that trial counsel failed to adequately investigate the existence of a Apre-teen@ who was
allegedly in attendance at the party that Hill held at her house on the day of
the offense.  Jones testified that he
spoke to this individual, who told him that she and her family were going to
adopt Jones=s dog, which
ran over to Hill=s yard
during Hill=s
party.  Conversely, Hill testified that
an eleven, twelve, or thirteen-year-old individual was not in attendance at the
party.








Although Jones attaches
significant weight to the presence of this Apre-teen@ at Hill=s party, whether this Apre-teen@ was
actually in attendance at Hill=s party is not a fact tending to support the prosecution=s allegation that Jones committed the offense of criminal trespass,
nor is it a significant fact necessary to cast doubt on the credibility of Hill=s testimony that Jones committed criminal trespass.  Moreover, both Hill and Jones testified in
detail about the facts surrounding Jones=s initial contact with Hill and her family members on the day of the
offense, and the jury was free to believe or disbelieve Hill=s testimony that this Apre-teen@ was not at
the party.  Considering the record as a
whole, we cannot conclude that a reasonable probability exists that the result
of the trial would have been different had trial counsel further investigated
the presence, non-presence, existence, or non-existence of the alleged Apre-teen.@  See Strickland, 466 U.S. at 687, 104
S. Ct. at 2064.  We overrule this portion
of Jones=s ineffective assistance of counsel argument.

C.     Limiting Instruction

Jones argues that his trial
counsel was ineffective because he failed to request during trial that the
trial court give the jury a limiting instruction that it could only consider
the evidence of intoxication if it believed beyond a reasonable doubt that
Jones was intoxicated at the time of the offense.  Jones also contends that trial counsel was
ineffective because the jury charge did not include a limiting instruction.  He contends that it is reasonable to presume
that the jury did not doubt that he was intoxicated and that it used this
evidence against him.








Although this is not a direct
appeal, nothing in the exhibits that Jones attached to his application explain
or develop the facts surrounding trial counsel=s reason for not requesting a limiting instruction during trial or as
part of the jury charge.  Trial counsel
may have purposely decided not to request a limiting instruction to prevent
further attention being drawn to the Aextraneous offense@ of intoxication.  See Webb
v. State, 995 S.W.2d 295, 300B01 (Tex. App.CHouston
[14th Dist.] 1999, no pet.).  Considering
the lack of any explanation in the record, Jones has failed to rebut the strong
presumption that trial counsel acted reasonably.  See Strickland, 466 U.S. at 689, 104
S. Ct. at 2065.  We overrule this portion
of Jones=s ineffective assistance of counsel argument.

D.     Request for Notice of
Extraneous Offenses

Jones argues that trial
counsel was ineffective because he failed to file a request for notice of
extraneous offenses.  He contends that
trial counsel would have been aware of the State=s intent to put on extraneous offense evidence (intoxication) had he
filed such a request.

As mentioned above, we
reasoned in our previous opinion that Jones had failed to preserve for
appellate review his argument that the trial court abused its discretion by
overruling his extraneous offense objection to the intoxication evidence
because similar evidence had previously been admitted by way of the 911
recording that Hill initiated when she encountered Jones in her residence.  See Jones, 2005 WL 2402746, at
*2.  Evidence of Jones=s alleged intoxication was thus previously admitted in the 911
recording; it was not admitted for the first time by way of the deputy sheriff=s testimony.








Jones=s argument that trial counsel would have been aware of the State=s intent to put on extraneous offense evidence (intoxication) had he
filed such a request is inconsistent with the facts viewed in the light most
favorable to the trial court=s ruling.  This is because Jones=s statement in a document included in his appendix to his application,
providing that he did not agree with his trial counsel=s recommendation that the 911 recording should be suppressed,
demonstrates that he and his attorney had knowledge of the contentsCincluding the intoxication evidenceCof the 911 recording.  We cannot
conclude that a reasonable probability exists that the result of the trial
would have been different had trial counsel requested notice of extraneous
offense evidence, which, nonetheless, may or may not have included Jones=s intoxication as an Aextraneous offense,@ considering the State=s argument that evidence of Jones=s alleged intoxication was Asame transactional contextual evidence.@  See Strickland, 466
U.S. at 687, 104 S. Ct. at 2064.

E.     Punishment Arguments

Jones argues that his trial
counsel was ineffective during the punishment phase of the trial because he
failed to call William H. Thoele and James F. Smith as additional character
witnesses.  He contends that these
individuals could have offered specific testimony regarding Jones=s character, work habits, and work history.








The record demonstrates that
Jones and Hutchinson testified at the punishment phase of trial.  Hutchinson testified that Jones was A[l]aw-abiding,@ Acaring,@ Acompassionate,@ and Avery hard working.@  She testified that he Agives food to the homeless,@ that he checks in on an old lady who lives down the street from him,
and that he has given job opportunities to certain developmentally disabled
adults.  She testified that Ahe=s a tree
trimmer,@ that he trims trees for others in the neighborhood, that he Agoes out for auctions to buy property,@ that he is a Amultitalented,
busy gentleman,@ and that he
has Amany irons in the fire.@  Hutchinson thus testified
about the same topics that Jones argues Thoele and Smith should have been
called to testify aboutCJones=s character and work habits. 
Trial counsel could have reasonably concluded that additional testimony
about Jones=s character
and work habits from other witnesses would have been cumulative and
unnecessary.  Consequently, Jones has not
shown that trial counsel=s
performance fell below an objective standard of reasonableness, nor has he
overcome the strong presumption that trial counsel=s conduct fell within the wide range of reasonable professional
assistance.  Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 812.  We overrule this portion of Jones=s ineffective assistance of counsel argument.








Jones additionally argues
that trial counsel was ineffective for permitting the introduction into
evidence of Jones=s 1975
arrest.  Trial counsel asked him if he
had ever been arrested, and Jones responded that he had been arrested sometime
between 1969 and 1971.  On
cross-examination, the State questioned Jones whether he had also been arrested
for assault in 1975.  Jones responded
that it was a false claim and that he was booked into jail but later
released.  Jones contends that trial
counsel=s question about his arrests opened the door to the 1975 arrest.  But as the State contends, the record seems
to indicate that Jones had not informed his counsel of the 1975 arrest and that
it came to light only when the State brought it up on cross-examination.  AIf the client falsely tells his attorney he has no record, he many not
later claim that his own lies have caused him to suffer ineffective assistance
of counsel.  He may not set up counsel
for later attack by such evidence.@  Ex parte Ewing, 570
S.W.2d 941, 947 (Tex. Crim. App. 1978). 
Jones has failed to rebut the strong presumption that trial counsel
acted reasonably.  See Strickland,
466 U.S. at 689, 104 S. Ct. at 2065.  We
overrule this portion of Jones=s ineffective assistance of counsel argument.

Jones further argues that his
trial counsel was ineffective because of statements that he made during closing
arguments.  He complains that the
following argument was, at best, Adamning@ and that it
did not include any of the mitigating facts that were available to trial
counsel:

[Defense
counsel]:  Your Honor, I - - I believe
that justice would not be served if - - if Mr. Jones were incarcerated.  I have met with him on many occasions, speaking
personally, and quite honestly, he=s - - he is a law-abiding
person.  He is difficult to get along
with.  Excuse me, just stating the truth.








The Witness: That=s fine.

[Defense
counsel]: But I don=t
think he belongs in a jail.  In regard to
punishment, I=m not
- - I guess that=s all
I=m
going to say because I=m not
going to - - I=m not
going to go against - - I know what the jury says.  I have my belief.  But I - - I do believe that justice would not
be served if you - - if you placed him in jail. 
And I=ve -
- and I=ve
had my difficulties with him, but they=ve not been on a criminal
nature.  And I=ve
been around a lot of criminals, and he=s just - - this man is not -
- I don=t
believe he belongs - - he does not belong in jail.

 

Although trial counsel=s closing argument did not address the specific Amitigating facts that were available to@ trial counsel, the record demonstrates that trial counsel made his
closing statement just after the State gave its closing statement, which was
immediately after both Jones and Hutchinson testified about the Amitigating facts@ regarding
Jones=s character and his version of the facts.  The trial judge, whom Jones had elected to
determine punishment, was consequently well aware of the Amitigating facts@ that Jones
argues his counsel failed to mention. 
Trial counsel nevertheless argued that Jones should not go to jail.  We hold that Jones has not shown that there
is a reasonable probability that his punishment would have been different had
trial counsel mentioned additional Amitigating facts@ during
closing argument.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068; Thompson, 9 S.W.3d at 812.  We overrule the remainder of Jones=s ineffective assistance of counsel argument regarding punishment.








F.      Affirmative Defense Jury
Instruction

Jones argues that his counsel
was ineffective because he failed to request a jury instruction on the
affirmative defense of justification.  He
contends that the evidence at trial entitled him to an instruction under
section 9.41 of the penal code, which permits the protection of a person=s property under certain circumstances, because it was reasonable for
him to conclude that someone at Hill=s party had taken his dog and that he had a right to inquire of Hill
whether or not she knew where his dog was. 
Section 9.41(b) provides as follows: 

A
person unlawfully dispossessed of . . . tangible, movable property by another
is justified in using force against the other when and to the degree the actor
reasonably believes the force is immediately necessary to . . . recover the
property if the actor uses the force immediately or in fresh pursuit after the
dispossession and (1) the actor reasonably believes the other had no claim of
right when he dispossessed the actor.

  

Tex. Penal Code Ann. ' 9.41(b)(1)
(Vernon 2003). 








Here, Jones was only
prosecuted for criminal trespass, which requires the State to prove that a
person, without effective consent, enters or remains on or in the property of
another, and that he had notice that entry was forbidden or received notice to
depart but failed to do so.  Id. ' 30.05(a) (Vernon Supp. 2008). 
Jones was not entitled to an instruction pursuant to section 9.41
because, whether he reasonably believed that he had been unlawfully
dispossessed of the dog or not, there is no evidence that he used any force
against another to recover his dog; he merely entered or remained on Hill=s property without consent and after he received notice to
depart.  Jones has thus failed to rebut
the strong presumption that trial counsel acted reasonably by not requesting a
jury instruction on the affirmative defense of justification.  See Strickland, 466 U.S. at 689, 104
S. Ct. at 2065.  We overrule this portion
of Jones=s ineffective assistance of counsel argument.

G.     Cross-examination of Law
Enforcement Witnesses

Jones argues that his trial
counsel was ineffective because he failed to adequately cross-examine two law
enforcement officers who testified at trial. 
He contends that trial counsel should have questioned the officers about
their investigationCor lack
thereofCinto Jones=s allegation
that his dog had been stolen and never found. 
According to Jones, AHad the officers looked into the matter[] and found the dog had been
taken by a member o[f] the Hill family, it would have strengthened [Jones=s] testimony and justified his knocking on [Hill=s] door that evening, and ma[d]e [Jones=s] actions more understandable and sympathetic.@








As trial counsel correctly
noted during closing argument, the case hinged on whether the jury believed
Jones=s testimony that he did not enter Hill=s house or whether it believed Hill=s testimony that Jones did enter her house. While Jones=s missing dog may have given him a reason to approach Hill=s residence, knock on her front door, and ask her if she knew where
his dog was, it did not allow him to enter Hill=s residence without her permission and commit criminal trespass.  This conclusion is implicit in the jury=s verdict.  It is thus
irrelevant for purposes of this criminal trespass prosecution whether a member
of Hill=s family took Jones=s dog or not.  Jones has failed
to rebut the strong presumption that trial counsel acted reasonably by not
questioning the officers about his missing dog. 
See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  Moreover, Jones has not shown that there is a
reasonable probability that the result of the trial would have been different
had trial counsel questioned the officers about his missing dog.  See Strickland, 466 U.S. at 694, 104
S. Ct. at 2068; Thompson, 9 S.W.3d at 812.  We overrule this portion of Jones=s ineffective assistance of counsel argument.

H.     Closing ArgumentCGuilt/Innocence








Jones argues that his trial
counsel was ineffective because he made a misstatement during closing argument
at the guilt/innocence portion of the trial. 
Trial counsel stated, AAnd I think that if you consider all of the evidence that=s been presented, that you=ll come back with a guilty not verdict.  A verdict of not guilty, and I ask you to do
so.@  [Emphasis added.]  Jones contends that this misstatement demonstrated
that trial counsel believed that Jones was guilty and that it misled and
confused the jury.  Included in the
appendix to his application is an affidavit signed by Hutchison stating that
she was in the courtroom during the closing argument and that there was a
two-to-three-second pause between the Aguilty@ and Anot@ words that Acaused [two] jurors in the front row to start and look at [trial
counsel] in sharp incredulity.@

The record demonstrates that
trial counsel misstated his thoughts and then corrected himself.  Considering the record as a whole, including
Hutchinson=s affidavit,
it is unreasonable to conclude that trial counsel rendered ineffective
assistance because he misspoke.  Jones
has not shown that there is a reasonable probability that the result of the
trial would have been different had trial counsel not misspoke.  See Strickland, 466 U.S. at 694, 104
S. Ct. at 2068; Thompson, 9 S.W.3d at 812.  We overrule this portion of Jones=s ineffective assistance of counsel argument.

I.      Failure to be Adequately
Informed of Case=s Facts








Jones argues that his counsel
rendered ineffective assistance because he was not adequately informed of the
facts of the case.  To support his
argument, he cherry-picks a few of trial counsel=s statements from the record, in which trial counsel accidentally says
AMr.@ Hill
instead of AMs.@ Hill and says, AI think,@ with regard to what the evidence will show, during his opening
statement.  Considering the record as a
whole, this argument is entirely without merit, and we overrule this portion of
Jones=s ineffective assistance of counsel argument.

J.      Failure to Adequately
Interview and Keep Client Informed

Jones argues that his counsel
rendered ineffective assistance because he failed to adequately interview him and
to keep him informed.  Nothing in the
exhibits that Jones attached to his application explain or develop the facts
surrounding any such failures. 
Considering the lack of any explanation or analysis in the record, Jones
has failed to rebut the strong presumption that trial counsel acted
reasonably.  See Strickland, 466
U.S. at 689, 104 S. Ct. at 2065; see also Tex. R. App. P. 38.1(h). 
We overrule this portion of Jones=s ineffective assistance of counsel argument and his issue complaining
of ineffective assistance of counsel in its entirety.

V.  Prosecutorial Misconduct

Jones argues that the State=s attorneys committed prosecutorial misconduct.  He states, 

[The]
trial prosecutors presented witnesses and based their case on testimony that
they knew or should have known was perjury, and which was contrary to the State=s
evidence.  The prosecutors vouched, made
seriously misleading statements, misstated evidence and purported facts not in
evidence, and failed to refrain from improper methods, and other manners of
prosecutorial misconduct.@








Contrary to Jones=s argument, nothing in the record supports his accusation that the
State=s attorneys committed prosecutorial misconduct.  We overrule his issue complaining of
prosecutorial misconduct.

VI.  Hearing

Jones argues that the trial
court erred by denying him relief without having conducted a hearing on his
application.  We have previously held
that there is nothing in article 11.072 requiring the trial court to conduct a
hearing on an application for habeas corpus before rendering its decision on
the relief sought.  See Cummins,
169 S.W.3d at 757.  Because article
11.072 did not require the trial court to hold a hearing before rendering its
decision on Jones=s requested
relief, the trial court did not err by failing to hold a hearing on Jones=s application.  We overrule
Jones=s issue complaining that the trial court erred by failing to conduct a
hearing. 

VII.  Remaining Arguments Not Preserved

Jones argues in his remaining
issues that he was denied effective assistance of counsel on direct appeal,
that his rights guaranteed under the Fourth Amendment were violated, and that
the evidence is insufficient to support his conviction.








To preserve a complaint for
our review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or
motion.  Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983
S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court=s refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  Preservation of error is a systemic
requirement that this court should review on its own motion.  Archie v. State, 221 S.W.3d 695, 698
(Tex. Crim. App. 2007); Jones v. State, 942 S.W.2d 1, 2 n.1 (Tex. Crim.
App. 1997).








Jones limited his arguments
in his application filed in the trial court to ineffective assistance of
counsel at trial and prosecutorial misconduct. 
He did not argue that he was entitled to habeas relief because he was
denied effective assistance of counsel on direct appeal, because his rights
guaranteed under the Fourth Amendment were violated, or because the evidence is
insufficient to support his conviction.[5]  The trial court thus never had an opportunity
to consider these arguments, and Jones may not raise them for the first time on
appeal.  See Tex. R. App. P. 33.1(a)(1); Aldrich
v. State, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003) (reasoning that only
violations of Arights which
are waivable only@ and denials
of Aabsolute systemic requirements@ may be raised for the first time on appeal).  Consequently, Jones failed to preserve these
arguments for appellate review.  We
therefore overrule Jones=s issues
complaining that he was denied effective assistance of counsel on direct
appeal, that his rights guaranteed under the Fourth Amendment were violated,
and that the evidence is insufficient to support his conviction.

VIII.
 Conclusion

Having overruled all of Jones=s issues, we affirm the trial court=s judgment denying Jones habeas relief.

 

PER CURIAM

 

PANEL: 
HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
August 7, 2008











[1]See Tex. R. App. P. 47.4.





[2]Jones
does not numerically designate his issues. 
We therefore refer to them by subject matter instead of number.





[3]A
portion of the factual background set forth in this opinion is as follows:

 

It
was undisputed that on the afternoon of August 26, 2001, Appellant entered onto
the property of a neighbor, JoAnn Hill, to retrieve his puppy that had wandered
onto her property.  Hill testified that
at 10:30 p.m. that evening, she was awakened by a loud knocking on the back
door, and when she went downstairs with a shotgun, she saw that Appellant had
entered her house. According to Hill, Appellant was really angry and accused
her of having his dog.  Hill called 911
to report the situation and informed the 911 dispatcher that Appellant appeared
to be intoxicated.  The 911 tape was
played for the jury.  Hill testified that
while she was on the phone with the dispatcher, Appellant retreated from her
home.

 

Appellant
testified that he never entered Hill=s house, but he did approach
Hill=s
house three times that evening to inquire about his missing dog.  He testified that on the third time he came
to Hill=s
house, she answered the door with a shotgun.

 

Jones,
2005 WL 2402746, at *1. 





[4]Jones
also filed a petition for writ of mandamus in January 2008 challenging, among
other things, issues raised in his application for writ of habeas corpus.  We denied the petition later that same month.





[5]Nor
did he argue in his application any other issues that might be construed from a
reading of his brief.