# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH


## NO. 2-07-388-CR

EX PARTE JOHN WESLEY JONES

------------

FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant John Wesley Jones appeals from the trial court's order denying him relief on his application for writ of habeas corpus filed pursuant to article 11.072 of the Texas Code of Criminal Procedure. Acting pro se, Jones argues that he was denied effective assistance of counsel at trial and on direct appeal, that his rights guaranteed under the Fourth Amendment were violated, that the State engaged in prosecutorial misconduct, that the evidence is insufficient to

---

[1] See TEX. R. APP. P. 47.4.

support his conviction, and that the trial court erroneously failed to hold a hearing on his application.[2]  We will affirm.

## II.  PROCEDURAL BACKGROUND

In January 2004, a jury convicted Jones of criminal trespass, and the trial court sentenced him to 365 days' confinement and a $4,000 fine.  The trial court suspended imposition of the jail term and $2,000 of the fine and placed Jones on community supervision for twenty-four months.  Jones filed a notice of appeal, and on September 29, 2005, a panel of this court issued a memorandum opinion affirming the trial court's judgment.  *See Jones v. State*, No. 02-04-00115-CR, 2005 WL 2402746 (Tex. App.—Fort Worth Sept. 29, 2005, no pet.) (mem. op.) (not designated for publication).[3]

---

[2] Jones does not numerically designate his issues.  We therefore refer to them by subject matter instead of number.

[3] A portion of the factual background set forth in this opinion is as follows:

> It was undisputed that on the afternoon of August 26, 2001, Appellant entered onto the property of a neighbor, JoAnn Hill, to retrieve his puppy that had wandered onto her property.  Hill testified that at 10:30 p.m. that evening, she was awakened by a loud knocking on the back door, and when she went downstairs with a shotgun, she saw that Appellant had entered her house.  According to Hill, Appellant was really angry and accused her of having his dog.  Hill called 911 to report the situation and informed the 911 dispatcher that Appellant appeared to be intoxicated. The 911 tape was played for the jury.  Hill testified that while she was

On June 12, 2007, Jones filed his application for an article 11.072 writ of habeas corpus.  On September 14, 2007, the trial court signed an order indicating that it had considered Jones's application without conducting a hearing, that Jones was manifestly entitled to no relief, that the application was frivolous, and that the application was denied.  Jones timely filed a notice of appeal.[4]

### III.  ARTICLE 11.072 AND STANDARD OF REVIEW

Article 11.072 provides an opportunity for habeas corpus relief for defendants convicted of a felony or misdemeanor and ordered to community supervision.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (Vernon 2005); *Ex parte Cummins*, 169 S.W.3d 752, 756 (Tex. App.—Fort Worth 2005, no pet.).  If the trial court denies the application in whole or in part, the applicant

---

on the phone with the dispatcher, Appellant retreated from her home.

Appellant testified that he never entered Hill's house, but he did approach Hill's house three times that evening to inquire about his missing dog.  He testified that on the third time he came to Hill's house, she answered the door with a shotgun.

*Jones*, 2005 WL 2402746, at *1.

[4] Jones also filed a petition for writ of mandamus in January 2008 challenging, among other things, issues raised in his application for writ of habeas corpus.  We denied the petition later that same month.

3

may appeal under article 44.02 and rule 31 of the Texas Rules of Appellate Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8; *Ex part Villanueva*, 252 S.W.3d 391, 396–97 (Tex. Crim. App. 2008).

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007); *Ex parte Twine*, 111 S.W.3d 664, 665 (Tex. App.—Fort Worth 2003, pet. ref'd). In conducting our review, we afford almost total deference to the judge's determination of the historical facts that are supported by the record. *Twine*, 111 S.W.3d at 665. If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Peterson*, 117 S.W.3d at 819.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL—TRIAL

Jones argues that his trial counsel rendered ineffective assistance by failing to object to the introduction of evidence that he was intoxicated at the time of the offense; by failing to conduct an adequate investigation and to call rebuttal witnesses; by failing to request a limiting instruction regarding evidence of his intoxication; by failing to file a request for notice of extraneous offenses;

4

by failing to call additional character witnesses; by permitting the introduction into evidence of his 1975 arrest; by failing to give an appropriate closing argument at the punishment phase of trial; by failing to request a jury instruction on the affirmative defense of justification; by failing to thoroughly cross-examine law enforcement witnesses; by failing to give an appropriate closing argument at the guilt/innocence phase of trial; and by failing to adequately interview him and keep him informed.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that trial counsel's performance was deficient and that a reasonable probability exists that the result of the proceeding would have been different but for the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The first prong of the *Strickland* test requires that the appellant show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The defendant must prove objectively, by a preponderance of the evidence, that trial counsel's representation fell below professional standards. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). A reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Any allegation of ineffectiveness must be firmly

5

founded in the record, and the record must demonstrate affirmatively the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. The second prong requires that the defendant show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson*, 9 S.W.3d at 812.

## A. Intoxication Evidence

Jones contends that his trial counsel was ineffective because he failed to object to evidence that Jones was intoxicated when a peace officer with the Parker County Sheriff's Department questioned him about his encounter with Joann Hill, the complainant, on the day of the offense. The record demonstrates that the following exchange occurred:

> [Prosecutor]: Officer Perkins, before we broke for lunch, I was asking you about your conversation with the Defendant at the end of his - - or in his driveway. As you spoke to the Defendant, did you make any observations about him?
>
> [Officer Perkins]: Yes, I did.
>
> [Prosecutor]: And can you describe some of the observations that you made?
>
> [Officer Perkins]: I remember smelling alcohol from his breath.
>
> [Defense counsel]: Your Honor, I would object to this testimony - - this line of testimony as being prejudicial under Rule 404(B), 403. It's irrelevant to the offense charged.

6

[Trial Court]: Response.

The record thus demonstrates that Jones's trial counsel lodged an objection to the officer's testimony opining that Jones was intoxicated.

To the extent Jones argues that his trial counsel was ineffective for failing to continuously object to evidence of intoxication admitted thereafter, we reasoned in our previous opinion that Jones failed to preserve for appellate review his argument that the trial court abused its discretion by overruling his extraneous offense objection to the intoxication evidence because similar evidence had previously been admitted by way of the 911 recording that Hill initiated when she encountered Jones in her residence. *See Jones*, 2005 WL 2402746, at *2. Included in the appendix to Jones's application is a "911 Transcript Disclosure" in which Jones states that "[Trial counsel] told me that we should suppress the [911] tape. I did not agree to that as it was the only evidence available to disclose the truth." Jones cannot now complain about trial counsel's failure to object to intoxication evidence because the record demonstrates that he is the one who initially insisted that the 911 recording be played. Jones has not shown that trial counsel's performance fell below an objective standard of reasonableness, nor has he overcome the strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S. Ct. at

7

2065; *Thompson*, 9 S.W.3d at 812.   We overrule this portion of Jones's ineffective assistance of counsel argument.

**B.      Adequate Investigation and Rebuttal Witnesses**

Jones argues that his trial counsel was ineffective because he failed to conduct an adequate investigation, which resulted in trial counsel's failing to call witnesses to rebut the evidence of Jones's alleged intoxication on the night of the incident.

A criminal defense lawyer has a duty to make an independent investigation of the facts of a case, which includes seeking out and interviewing potential witnesses.  *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990).  A breach of the duty to investigate may result in a finding of ineffective assistance "where the result is that any viable defense available to the accused is not advanced."  *Ex parte Ybarra*, 629 S.W.2d 943, 946 (Tex. Crim. App. 1982).  "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."  *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066.

Jones points to Ollie Mae Stevens, an individual whom he cuts trees for, and Mary King, an individual who accompanied him to the SPCA when he adopted a dog, as individuals who could have been called as witnesses to rebut

8

the evidence that he was intoxicated, arguing that they could have testified about Jones's speech when he spoke on the phone with them on the night of the incident. Included in the appendix to Jones's application is an affidavit signed by King stating that she spoke to Jones on the telephone the day of the incident, that he did not seem to be intoxicated, and that she was not asked to testify.

Although Stevens and King did not testify, Jones unequivocally testified that he was not intoxicated on the night of the incident. Trial counsel also called Terese Hutchinson, who testified that she has known Jones for about three years, that they visit often, and that she has never seen him intoxicated. Applying a heavy measure of deference to trial counsel's decision not to call Stevens and King to rebut the evidence of Jones's alleged intoxication, we hold that trial counsel's decision not to call Stevens and King was reasonable under the circumstances because trial counsel rebutted the evidence that Jones was intoxicated through the testimonies of Jones and Hutchinson. Trial counsel could have also reasonably concluded that the testimonies of Stevens and of King would be cumulative. Because trial counsel advanced Jones's intoxication rebuttal evidence, Jones has not shown that trial counsel's performance fell below an objective standard of reasonableness, nor has he overcome the strong presumption that trial counsel's conduct fell within the wide range of

9

reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Thompson*, 9 S.W.3d at 812. We overrule this portion of Jones's ineffective assistance of counsel argument.

Jones additionally complains that trial counsel failed to adequately investigate the existence of a "pre-teen" who was allegedly in attendance at the party that Hill held at her house on the day of the offense. Jones testified that he spoke to this individual, who told him that she and her family were going to adopt Jones's dog, which ran over to Hill's yard during Hill's party. Conversely, Hill testified that an eleven, twelve, or thirteen-year-old individual was not in attendance at the party.

Although Jones attaches significant weight to the presence of this "pre-teen" at Hill's party, whether this "pre-teen" was actually in attendance at Hill's party is not a fact tending to support the prosecution's allegation that Jones committed the offense of criminal trespass, nor is it a significant fact necessary to cast doubt on the credibility of Hill's testimony that Jones committed criminal trespass. Moreover, both Hill and Jones testified in detail about the facts surrounding Jones's initial contact with Hill and her family members on the day of the offense, and the jury was free to believe or disbelieve Hill's testimony that this "pre-teen" was not at the party. Considering the record as a whole, we cannot conclude that a reasonable probability exists that the result

10

of the trial would have been different had trial counsel further investigated the presence, non-presence, existence, or non-existence of the alleged "pre-teen." *See Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. We overrule this portion of Jones's ineffective assistance of counsel argument.

### C. Limiting Instruction

Jones argues that his trial counsel was ineffective because he failed to request during trial that the trial court give the jury a limiting instruction that it could only consider the evidence of intoxication if it believed beyond a reasonable doubt that Jones was intoxicated at the time of the offense. Jones also contends that trial counsel was ineffective because the jury charge did not include a limiting instruction. He contends that it is reasonable to presume that the jury did not doubt that he was intoxicated and that it used this evidence against him.

Although this is not a direct appeal, nothing in the exhibits that Jones attached to his application explain or develop the facts surrounding trial counsel's reason for not requesting a limiting instruction during trial or as part of the jury charge. Trial counsel may have purposely decided not to request a limiting instruction to prevent further attention being drawn to the "extraneous offense" of intoxication. *See Webb v. State*, 995 S.W.2d 295, 300−01 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Considering the lack of any

11

explanation in the record, Jones has failed to rebut the strong presumption that trial counsel acted reasonably. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. We overrule this portion of Jones's ineffective assistance of counsel argument.

**D.     Request for Notice of Extraneous Offenses**

Jones argues that trial counsel was ineffective because he failed to file a request for notice of extraneous offenses. He contends that trial counsel would have been aware of the State's intent to put on extraneous offense evidence (intoxication) had he filed such a request.

As mentioned above, we reasoned in our previous opinion that Jones had failed to preserve for appellate review his argument that the trial court abused its discretion by overruling his extraneous offense objection to the intoxication evidence because similar evidence had previously been admitted by way of the 911 recording that Hill initiated when she encountered Jones in her residence. *See Jones*, 2005 WL 2402746, at *2. Evidence of Jones's alleged intoxication was thus previously admitted in the 911 recording; it was not admitted for the first time by way of the deputy sheriff's testimony.

Jones's argument that trial counsel would have been aware of the State's intent to put on extraneous offense evidence (intoxication) had he filed such a request is inconsistent with the facts viewed in the light most favorable to the

12

trial court's ruling. This is because Jones's statement in a document included in his appendix to his application, providing that he did not agree with his trial counsel's recommendation that the 911 recording should be suppressed, demonstrates that he and his attorney had knowledge of the contents—including the intoxication evidence—of the 911 recording. We cannot conclude that a reasonable probability exists that the result of the trial would have been different had trial counsel requested notice of extraneous offense evidence, which, nonetheless, may or may not have included Jones's intoxication as an "extraneous offense," considering the State's argument that evidence of Jones's alleged intoxication was "same transactional contextual evidence." *See Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064.

### E.    Punishment Arguments

Jones argues that his trial counsel was ineffective during the punishment phase of the trial because he failed to call William H. Thoele and James F. Smith as additional character witnesses. He contends that these individuals could have offered specific testimony regarding Jones's character, work habits, and work history.

The record demonstrates that Jones and Hutchinson testified at the punishment phase of trial. Hutchinson testified that Jones was "[l]aw-abiding," "caring," "compassionate," and "very hard working." She testified that he

13

"gives food to the homeless," that he checks in on an old lady who lives down the street from him, and that he has given job opportunities to certain developmentally disabled adults. She testified that "he's a tree trimmer," that he trims trees for others in the neighborhood, that he "goes out for auctions to buy property," that he is a "multitalented, busy gentleman," and that he has "many irons in the fire." Hutchinson thus testified about the same topics that Jones argues Thoele and Smith should have been called to testify about—Jones's character and work habits. Trial counsel could have reasonably concluded that additional testimony about Jones's character and work habits from other witnesses would have been cumulative and unnecessary. Consequently, Jones has not shown that trial counsel's performance fell below an objective standard of reasonableness, nor has he overcome the strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Thompson*, 9 S.W.3d at 812. We overrule this portion of Jones's ineffective assistance of counsel argument.

Jones additionally argues that trial counsel was ineffective for permitting the introduction into evidence of Jones's 1975 arrest. Trial counsel asked him if he had ever been arrested, and Jones responded that he had been arrested sometime between 1969 and 1971. On cross-examination, the State

14

questioned Jones whether he had also been arrested for assault in 1975. Jones responded that it was a false claim and that he was booked into jail but later released. Jones contends that trial counsel's question about his arrests opened the door to the 1975 arrest. But as the State contends, the record seems to indicate that Jones had not informed his counsel of the 1975 arrest and that it came to light only when the State brought it up on cross-examination. "If the client falsely tells his attorney he has no record, he many not later claim that his own lies have caused him to suffer ineffective assistance of counsel. He may not set up counsel for later attack by such evidence." *Ex parte Ewing*, 570 S.W.2d 941, 947 (Tex. Crim. App. 1978). Jones has failed to rebut the strong presumption that trial counsel acted reasonably. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. We overrule this portion of Jones's ineffective assistance of counsel argument.

Jones further argues that his trial counsel was ineffective because of statements that he made during closing arguments. He complains that the following argument was, at best, "damning" and that it did not include any of the mitigating facts that were available to trial counsel:

> [Defense counsel]: Your Honor, I - - I believe that justice would not be served if - - if Mr. Jones were incarcerated. I have met with him on many occasions, speaking personally, and quite honestly, he's - - he is a law-abiding person. He is difficult to get along with. Excuse me, just stating the truth.

15

The Witness: That's fine.

[Defense counsel]: But I don't think he belongs in a jail.  In regard to punishment, I'm not - - I guess that's all I'm going to say because I'm not going to - - I'm not going to go against - - I know what the jury says.  I have my belief.  But I - - I do believe that justice would not be served if you - - if you placed him in jail.  And I've - - and I've had my difficulties with him, but they've not been on a criminal nature.  And I've been around a lot of criminals, and he's just - - this man is not - - I don't believe he belongs - - he does not belong in jail.

Although trial counsel's closing argument did not address the specific "mitigating facts that were available to" trial counsel, the record demonstrates that trial counsel made his closing statement just after the State gave its closing statement, which was immediately after both Jones and Hutchinson testified about the "mitigating facts" regarding Jones's character and his version of the facts.  The trial judge, whom Jones had elected to determine punishment, was consequently well aware of the "mitigating facts" that Jones argues his counsel failed to mention.  Trial counsel nevertheless argued that Jones should not go to jail.  We hold that Jones has not shown that there is a reasonable probability that his punishment would have been different had trial counsel mentioned additional "mitigating facts" during closing argument.  *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson*, 9 S.W.3d at 812.  We overrule the remainder of Jones's ineffective assistance of counsel argument regarding punishment.

16

**F.     Affirmative Defense Jury Instruction**

Jones argues that his counsel was ineffective because he failed to request a jury instruction on the affirmative defense of justification.  He contends that the evidence at trial entitled him to an instruction under section 9.41 of the penal code, which permits the protection of a person's property under certain circumstances, because it was reasonable for him to conclude that someone at Hill's party had taken his dog and that he had a right to inquire of Hill whether or not she knew where his dog was.  Section 9.41(b) provides as follows:

> A person unlawfully dispossessed of . . . tangible, movable property by another is justified in using force against the other when and to the degree the actor reasonably believes the force is immediately necessary to . . . recover the property if the actor uses the force immediately or in fresh pursuit after the dispossession and (1) the actor reasonably believes the other had no claim of right when he dispossessed the actor.

TEX. PENAL CODE ANN. § 9.41(b)(1) (Vernon 2003).

Here, Jones was only prosecuted for criminal trespass, which requires the State to prove that a person, without effective consent, enters or remains on or in the property of another, and that he had notice that entry was forbidden or received notice to depart but failed to do so.  *Id*. § 30.05(a) (Vernon Supp. 2008).  Jones was not entitled to an instruction pursuant to section 9.41 because, whether he reasonably believed that he had been unlawfully

17

dispossessed of the dog or not, there is no evidence that he used any force against another to recover his dog; he merely entered or remained on Hill's property without consent and after he received notice to depart. Jones has thus failed to rebut the strong presumption that trial counsel acted reasonably by not requesting a jury instruction on the affirmative defense of justification. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. We overrule this portion of Jones's ineffective assistance of counsel argument.

### G.    Cross-examination of Law Enforcement Witnesses

Jones argues that his trial counsel was ineffective because he failed to adequately cross-examine two law enforcement officers who testified at trial. He contends that trial counsel should have questioned the officers about their investigation—or lack thereof—into Jones's allegation that his dog had been stolen and never found. According to Jones, "Had the officers looked into the matter[] and found the dog had been taken by a member o[f] the Hill family, it would have strengthened [Jones's] testimony and justified his knocking on [Hill's] door that evening, and ma[d]e [Jones's] actions more understandable and sympathetic."

As trial counsel correctly noted during closing argument, the case hinged on whether the jury believed Jones's testimony that he *did not* enter Hill's house or whether it believed Hill's testimony that Jones *did* enter her house.

18

While Jones's missing dog may have given him a reason to approach Hill's residence, knock on her front door, and ask her if she knew where his dog was, it did not allow him to enter Hill's residence without her permission and commit criminal trespass. This conclusion is implicit in the jury's verdict. It is thus irrelevant for purposes of this criminal trespass prosecution whether a member of Hill's family took Jones's dog or not. Jones has failed to rebut the strong presumption that trial counsel acted reasonably by not questioning the officers about his missing dog. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Moreover, Jones has not shown that there is a reasonable probability that the result of the trial would have been different had trial counsel questioned the officers about his missing dog. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson*, 9 S.W.3d at 812. We overrule this portion of Jones's ineffective assistance of counsel argument.

## H.    Closing Argument—Guilt/Innocence

Jones argues that his trial counsel was ineffective because he made a misstatement during closing argument at the guilt/innocence portion of the trial. Trial counsel stated, "And I think that if you consider all of the evidence that's been presented, that you'll come back with a *guilty not verdict*. A verdict of not guilty, and I ask you to do so." [Emphasis added.] Jones contends that this misstatement demonstrated that trial counsel believed that Jones was

19

guilty and that it misled and confused the jury. Included in the appendix to his application is an affidavit signed by Hutchison stating that she was in the courtroom during the closing argument and that there was a two-to-three-second pause between the "guilty" and "not" words that "caused [two] jurors in the front row to start and look at [trial counsel] in sharp incredulity."

The record demonstrates that trial counsel misstated his thoughts and then corrected himself. Considering the record as a whole, including Hutchinson's affidavit, it is unreasonable to conclude that trial counsel rendered ineffective assistance because he misspoke. Jones has not shown that there is a reasonable probability that the result of the trial would have been different had trial counsel not misspoke. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson*, 9 S.W.3d at 812. We overrule this portion of Jones's ineffective assistance of counsel argument.

## I. Failure to be Adequately Informed of Case's Facts

Jones argues that his counsel rendered ineffective assistance because he was not adequately informed of the facts of the case. To support his argument, he cherry-picks a few of trial counsel's statements from the record, in which trial counsel accidentally says "Mr." Hill instead of "Ms." Hill and says, "I think," with regard to what the evidence will show, during his opening statement. Considering the record as a whole, this argument is entirely without

20

merit, and we overrule this portion of Jones's ineffective assistance of counsel argument.

### J. Failure to Adequately Interview and Keep Client Informed

Jones argues that his counsel rendered ineffective assistance because he failed to adequately interview him and to keep him informed. Nothing in the exhibits that Jones attached to his application explain or develop the facts surrounding any such failures. Considering the lack of any explanation or analysis in the record, Jones has failed to rebut the strong presumption that trial counsel acted reasonably. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *see also* TEX. R. APP. P. 38.1(h). We overrule this portion of Jones's ineffective assistance of counsel argument and his issue complaining of ineffective assistance of counsel in its entirety.

## V. PROSECUTORIAL MISCONDUCT

Jones argues that the State's attorneys committed prosecutorial misconduct. He states,

[The] trial prosecutors presented witnesses and based their case on testimony that they knew or should have known was perjury, and which was contrary to the State's evidence. The prosecutors vouched, made seriously misleading statements, misstated evidence and purported facts not in evidence, and failed to refrain from improper methods, and other manners of prosecutorial misconduct."

21

Contrary to Jones's argument, nothing in the record supports his accusation that the State's attorneys committed prosecutorial misconduct. We overrule his issue complaining of prosecutorial misconduct.

## VI. HEARING

Jones argues that the trial court erred by denying him relief without having conducted a hearing on his application. We have previously held that there is nothing in article 11.072 requiring the trial court to conduct a hearing on an application for habeas corpus before rendering its decision on the relief sought. *See Cummins*, 169 S.W.3d at 757. Because article 11.072 did not require the trial court to hold a hearing before rendering its decision on Jones's requested relief, the trial court did not err by failing to hold a hearing on Jones's application. We overrule Jones's issue complaining that the trial court erred by failing to conduct a hearing.

## VII. REMAINING ARGUMENTS NOT PRESERVED

Jones argues in his remaining issues that he was denied effective assistance of counsel on direct appeal, that his rights guaranteed under the Fourth Amendment were violated, and that the evidence is insufficient to support his conviction.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific

22

grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  TEX. R. APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  Preservation of error is a systemic requirement that this court should review on its own motion. *Archie v. State,* 221 S.W.3d 695, 698 (Tex. Crim. App. 2007); *Jones v. State,* 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997).

Jones limited his arguments in his application filed in the trial court to ineffective assistance of counsel at trial and prosecutorial misconduct.  He did not argue that he was entitled to habeas relief because he was denied effective assistance of counsel on direct appeal, because his rights guaranteed under the Fourth Amendment were violated, or because the evidence is insufficient to support his conviction.[5]  The trial court thus never had an opportunity to consider these arguments, and Jones may not raise them for the first time on appeal.  *See* TEX. R. APP. P. 33.1(a)(1); *Aldrich v. State*, 104 S.W.3d 890, 895

---

[5] Nor did he argue in his application any other issues that might be construed from a reading of his brief.

23

(Tex. Crim. App. 2003) (reasoning that only violations of "rights which are waivable only" and denials of "absolute systemic requirements" may be raised for the first time on appeal).  Consequently, Jones failed to preserve these arguments for appellate review.  We therefore overrule Jones's issues complaining that he was denied effective assistance of counsel on direct appeal, that his rights guaranteed under the Fourth Amendment were violated, and that the evidence is insufficient to support his conviction.

## VIII. CONCLUSION

Having overruled all of Jones's issues, we affirm the trial court's judgment denying Jones habeas relief.


PER CURIAM


PANEL:  HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  August 7, 2008

24