EX PARTE GARY MATTHEW TWINE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-360-CR

EX PARTE GARY MATTHEW TWINE 

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

OPINION

------------

Appellant 
Gary Matthew Twine 
appeals the trial court’s denial of his application for habeas corpus relief based on the ground of double jeopardy.  In two points, Appellant alleges that: 1) the trial court erred in denying the application for writ of habeas corpus because of the State’s introduction of evidence of Appellant’s post-arrest silence; and 2) the trial court erred in excluding evidence from a previous trial where the same prosecutor had previously provoked a mistrial based on evidence of a defendant’s post-arrest silence.  We reverse and remand.

FACTS

Appellant, a Fort Worth Police Officer, was indicted for the alleged sexual assault of S.J.  During the trial, Appellant chose to testify.  On cross-examination the prosecutor, Michael Meyer, asked, “Now, you and I, besides maybe casual greetings in court, have never got to sit down and talk about what you just told this jury have we?”  Appellant objected and moved for a mistrial, stating that the question concerned Appellant’s post-arrest silence.  Meyer responded by saying that he had asked the question merely to point out that, unlike with most defendants, he and Appellant had exchanged greetings.  The trial court stated that the question did not support Meyer’s stated reason, and granted the motion for mistrial.  

When the State later sought to retry Appellant, he filed a pretrial application for writ of habeas corpus, claiming that Meyer had intentionally, or at least recklessly, provoked him into moving for a mistrial.  To support his contention that Meyer’s conduct was intentional or reckless, Appellant attempted to introduce the reporter’s record from the case of 
Texas v. Swanda Marie Lewis
.  Appellant asserted that, in 
Lewis, 
Meyer had provoked a mistrial in nearly the same manner as in the present case.  The trial court granted the State’s objections to this evidence and did not consider it at the habeas hearing.  The trial court then denied Appellant’s habeas corpus application.

DENIAL OF HABEAS CORPUS

In Appellant’s first point, he claims that the trial court erred in denying
 
his application for habeas corpus relief because of the State’s introduction of evidence of his post-arrest silence. 
 
Appellant argues that the evidence shows that Meyer intentionally, or in the alternative recklessly, caused the mistrial in this case.  Therefore, Appellant claims that the trial court should have held that double jeopardy barred further prosecution in this case.

In reviewing a decision to grant or deny relief on a writ of habeas corpus, we afford almost total deference to the trial judge's determination of historical facts supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor.  
See Ex parte Martin
, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999).  We afford the same amount of deference to the trial judge's rulings on applications of law to fact questions if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor.  
Id
.  If the resolution of those ultimate questions turns on an application of legal standards, however, we review the determination de novo.  
Id.

When a trial court grants a defendant's motion for mistrial, the double jeopardy clause is not violated unless conduct giving rise to the motion was intended to provoke the defendant into moving for a mistrial. 
 Oregon v. Kennedy
, 456 U.S. 667, 673, 102 S. Ct. 2083, 2088 (1982); 
Bauder v. State
, 921 S.W.2d 696, 697 (Tex. Crim. App. 1996).
  Because the defendant has the burden of proof at a habeas corpus hearing, he must prove that the events requiring a mistrial were a product of the prosecutor’s deliberate or reckless conduct.  
Ex Parte Primrose
, 950 S.W.2d 775, 777-78 (Tex. App.—Fort Worth 1997, pet. ref’d).  The prosecutor’s actions are reckless if he was aware of but consciously disregarded the risk that an objectionable event for which he was responsible would require a mistrial at the defendant’s request.  
Id.
 at 778.

In the present case, the State offered Meyer’s testimony at the habeas corpus hearing.  Meyer testified that Appellant had left a false impression with the jury.  Meyer stated that he asked the question in order to show that Appellant was not as forthcoming with the police as he had led the jury to believe.

Appellant introduced the trial record at the hearing as well.  In the record, Meyer stated that his reason for asking the allegedly improper question was to explain to the jury that unlike with most defendants, Meyer and Appellant had spoken to each other before.  The trial court expressed doubt as to this explanation and then granted the mistrial.

Appellant further attempted to introduce the record in the 
Lewis
 case in order to show that Meyer was consciously aware of the danger of asking the alleged improper question and either intentionally or recklessly asked the question anyway.  The trial court did not allow Appellant to introduce the record and did not consider it when making its decision.

Appellant had the burden to show that Meyer acted intentionally or recklessly in causing the mistrial.
  Id. 
at 777-78.
  The only evidence in the record to show Meyer’s intent to ask the question is Meyer’s two explanations, and neither of these explanations shows an intentional or reckless state of mind.  We, therefore,
 hold that Appellant has failed to come forward with sufficient evidence to show that Meyer acted intentionally or recklessly in causing the mistrial.  The trial court did not abuse its discretion in denying habeas corpus relief based on the record at the hearing.  
Ex parte Martin
, 6 S.W.3d at 526
.  We overrule Appellant’s first point on appeal.

EXCLUDED EVIDENCE

In Appellant’s second point, he claims that the trial court abused its discretion by excluding the record excerpt from the 
Lewis
 case.  We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard.  
Angleton v. State
, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).  We will uphold the trial court's ruling as long as it is within the "zone of reasonable disagreement."  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  Before evidence is admissible, it must be relevant as defined by rule 401 of the Texas Rules of Evidence.  T
EX
. R. E
VID
. 401, 402.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  
Tex. R. Evid. 
401.  In determining whether evidence is relevant, courts look to the purpose for offering the evidence and whether there is a direct or logical connection between the offered evidence and the proposition sought to be proved.  
Reed v. State
, 59 S.W.3d 278, 281 (Tex. App.—Fort Worth 2001, pet. ref'd).  So long as there is any reasonable logical nexus, the evidence will pass the relevancy test.  
Id
.

The excluded evidence shows that the following exchange occurred during Meyer’s cross-examination of the defendant in the 
Lewis
 case:

Q.  After speaking with John McCaskill on August 10th 
of the year 2000, did you have occasion to learn the next day, on August 11th of the year 2000, John McCaskill wanted to speak with you again?

A.  Yes

Q.  And you denied him the opportunity to speak . . . .

John McCaskill was an investigating police officer.  He had spoken with the defendant in the 
Lewis
 case after the defendant had been placed under arrest.  The second time McCaskill attempted to speak with the defendant, she refused to talk to the police.  Meyer’s questions were highly improper because they showed that the defendant had refused to speak with McCaskill after her arrest. At this point, the defendant objected on numerous grounds, including Meyer’s attempt to comment on the defendant’s post-arrest silence.
  
The trial court sustained the objections, gave an instruction to disregard, and then granted the defendant’s motion for mistrial.
  

Appellant argues that the record excerpt from 
Lewis
 shows that Meyer was aware of the danger of commenting on Appellant’s post-arrest silence in this case and was still willing to risk a mistrial by making such a comment.  The State argues that, because Appellant had the opportunity to cross-examine Meyer on his state of mind and knowledge about the effect of commenting on Appellant’s post-arrest silence, the record excerpt from 
Lewis
 was cumulative and unnecessary.  The State further argues that because the same trial court presided over both cases, the judge acting as the trier of fact at the habeas hearing was already aware of Meyer’s conduct in the 
Lewis
 case. The State asserts that the 
Lewis
 record is not relevant based on these facts.  We disagree.

Evidence of a past trial in which the trial court granted a mistrial based on similar comments from the same prosecutor about the defendant’s post-arrest silence would tend to prove that the prosecutor was conscious of the risk that such comments would cause a mistrial.  Appellant had the burden of proving that Meyer was conscious of the risk of asking the question.  
Ex Parte Primrose
, 950 S.W.2d at 777-78.  
Thus, the excluded evidence was highly relevant to the resolution of Appellant’s habeas corpus hearing.

The State argues that, even if the excluded evidence was relevant, the probative value of the evidence is substantially outweighed by its prejudicial effect under rule 403.  
See
 
Tex. R. Evid. 
403 (providing that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice).  Since almost any relevant evidence offered by one side is prejudicial to the opposing party, only unfair prejudice provides a basis for excluding relevant evidence under rule 403.  
Fletcher v. State
, 852 S.W.2d 271, 277 (Tex. App.—Dallas 1993, pet ref’d).  Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly an emotional one.  
Montgomery v. State,
 810 S.W.2d 372, 378 (Tex. Crim. App. 1991) (op. on reh’g).  Because rule 403 favors the admission of relevant evidence, the presumption is that relevant evidence will be more probative than prejudicial.  
Long v. State
, 823 S.W.2d 259, 271 (Tex. Crim. App. 1991).

The State contends that the trial court did not err in ruling that rule 403 required the exclusion of the 
Lewis
 record excerpt because the facts in 
Lewis
 were significantly different from those in the present case; Appellant only attempted to offer a small portion of the reporter’s record from 
Lewis
; and the facts and ruling in 
Lewis
 were of dubious probative value because the 
Lewis
 case was on appeal at the time the record excerpt was offered at Appellant’s habeas hearing.  The State asserts that these factors make the 
Lewis
 record excerpt unreliable.  The State also asserts that the trial court’s admission of the record excerpt would have created a danger of confusion.  We disagree.  

We have already determined that the Lewis record excerpt was highly relevant to Appellant’s habeas application.  On the other side of the balance, the excerpt was not unfairly prejudicial.  The State concedes in its brief that the trial court already knew the details of the 
Lewis
 trial, so the admittance of the evidence in this case would have had little prejudicial impact.  Further, we note that this hearing was not in front of a jury, and the danger of unfair prejudice under rule 403 is greatly reduced when a judge is sitting as the trier of fact.
  See Corely v. State
, 987 S.W.2d 615, 621 (Tex. App.—Austin 1999, no pet.) (holding that when a case is tried to a court rather than to a jury, the likelihood that extraneous evidence will unfairly prejudice the defendant is diminished).  The danger of confusion was also minimal because there is no indication that the trial court would have had difficulty distinguishing between 
Lewis
 and this case.  Finally, we note that the presumption under rule 403 is for the admittance of relevant evidence.  For all of these reasons, we hold that the trial court’s ruling excluding the 
Lewis
 record excerpt was outside the zone of disagreement and, therefore, an abuse of discretion. 
 Weatherred
, 15 S.W.3d at 542.  

Having held that error occurred in this case, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment.  
Tex. R. App. P.
 44.2.  If the error is constitutional, we apply rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to appellant’s conviction or punishment.  
Tex. R. App. P.
 44.2(a).  Otherwise, we apply rule 44.2(b) and disregard the error if it does not affect  Appellant’s substantial rights.  
Tex. R. App. P.
 44.2(b); 
see Mosley v. State,
 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999); 
Coggeshall v. State
, 961 S.W.2d 639, 642-43 (Tex. App.—Fort Worth 1998, pet. ref’d) (en banc).  In this case, the harm is not constitutional.  
See Tate v. State
, 988 S.W.2d 887, 890 (Tex. App.—Austin 1999, pet. ref’d) (holding that the erroneous exclusion of defensive evidence is not constitutional error if the trial court’s ruling merely offends the rules of evidence).

Because we determined that the error is not constitutional, rule 44.2(b) is applicable.  Therefore, we are to disregard the error unless it affected appellant’s substantial rights.  
Tex. R. App. P.
 44.2(b).  To determine whether an error "affect[ed] substantial rights," we consider whether a party had a right to that which the error denied. 
 
Johnson v. State
, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002).

In the present case, no contrary direct evidence was admitted concerning Meyer’s state of mind when he made the alleged improper comment.  During trial, Meyer attempted to explain the comment by stating that he was merely attempting to show the jury that, other than casual greetings, he had never talked to Appellant before.  The trial court found this explanation unsatisfactory and granted the mistrial.  

During the hearing on Appellant’s habeas corpus application, Meyer changed his alleged reason for the question.  Meyer claimed that he asked the question because Appellant had opened the door to his post-arrest silence.  The State argues that both explanations show there was never any evidence of a reckless or intentional state of mind to cause a mistrial.  As we held in Appellant’s first point, the State is correct that there was little direct evidence to show that Meyer caused the mistrial through his reckless or intentional conduct.  

The excluded evidence was, however, circumstantial evidence of Meyer’s reckless state of mind because it showed that Meyer was aware of the danger of a mistrial based on the question he asked.  The trial court never considered this evidence when it denied Appellant’s application for habeas corpus relief, and Appellant had a right to have the evidence heard and considered by the court.  
See Johnson
, 72 S.W.3d at 348.  We hold that the wrongful exclusion of the 
Lewis
 record excerpt affected Appellant’s substantial rights.  Tex. R. App. P.
 42.2
(b).  We, therefore, sustain Appellant’s second point on appeal.

CONCLUSION

Having sustained Appellant’s second point on appeal, we reverse the trial court’s judgment and remand the case to the trial court for further proceedings consistent with this opinion.
 

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.

PUBLISH

DELIVERED:  June 12, 2003