

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NOS.  02-08-259-CR**
**02-08-260-CR**

EX PARTE NEWMON RAYMON PHILLIPS

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Newmon Raymon Phillips appeals from the trial court's order denying the relief requested in his application for writ of habeas corpus.  We affirm.

### I. Background

On June 16, 2006, pursuant to plea bargains, Phillips pleaded guilty to two separate charges of injury to a child with intent to cause bodily injury; he

---

[1] *See* Tex. R. App. P. 47.4.

received six years' deferred adjudication community supervision on each, as well as a $600 fine on one of the charges.[2]  On June 16, 2008, Phillips filed the pro se application for writ of habeas corpus currently before the court on both of the convictions, alleging six grounds.[3]

The State filed a reply on June 24, 2008, contending that Phillips had filed an initial application for writ of habeas corpus on April 26, 2007, alleging one of the same grounds—that his guilty plea was involuntary because he was in diabetic shock when he entered the plea and he did not understand the nature of the proceeding.  The trial court denied that application on July 23, 2007.  The State argued that, because Phillips did not explain why his current claims could not have been raised in his original application, the subsequent application should be denied as an improper subsequent application for writ of habeas corpus under article 11.072 of the code of criminal procedure.

---

[2] This court dismissed his direct appeals on August 29, 2006, for failing to file a response showing grounds to continue the appeals in light of the trial court's certification that Phillips had no right of appeal. *See Phillips v. State*, Nos. 02-06-00237-CR, 02-06-00238-CR, 2006 WL 2516357, at *1 (Tex. App.—Fort Worth Aug. 29, 2006, no pet.) (mem. op., not designated for publication).

[3] Although Phillips's application states "APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07," he acknowledges in subsequent filings that he makes his application under section 11.072.

2

Phillips filed a reply on June 27, 2008, claiming that he did not know about and was not previously aware of the April 26, 2007 application and that he only acknowledged the direct appeal filed on July 14, 2006. He stated, with regard to subsequent applications under article 11.072,

> I, the applicant, was not aware of the previous application for habeas corpus writ. I only knew of the application for the appeal in which the court denied because of me doing a plea bargain while being incoherent. The reason I did not raise any complaints in the previous application of writ of habeas corpus is because I was not aware of the application . . . and I was not notified of the application being brought before the court.

Other than Phillips's verified application, which included print-outs from the Hypoglycemia Support Foundation describing hypoglycemia and from eMedicine Health and MayoClinic.com describing diabetic ketoacidosis, he offered no other affidavits or evidence to support his claims in the instant applications.

The trial court denied Phillips's applications without a hearing, stating, "The Court finds that the applicant does not meet the requirements for the consideration of a subsequent application for writ of habeas corpus. The Court orders that this application for writ of habeas corpus be denied."

## II. Discussion

### A. Standard of Review

Article 11.072 provides an opportunity for habeas corpus relief for defendants convicted of a felony or misdemeanor and ordered to community

3

supervision. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005); *Ex parte Cummins*, 169 S.W.3d 752, 756 (Tex. App.—Fort Worth 2005, no pet.). To prevail on a writ of habeas corpus, the proponent must prove his allegations by a preponderance of the evidence. *See Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995), *cert. denied*, 518 U.S. 1021 (1996).

If the trial court denies the application in whole or in part, the applicant may appeal under article 44.02 and rule 31 of the Texas Rules of Appellate Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 8; *Ex parte Villanueva*, 252 S.W.3d 391, 396–97 (Tex. Crim. App. 2008). In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007); *Ex parte Twine*, 111 S.W.3d 664, 665 (Tex. App.—Fort Worth 2003, pet. ref'd).

**B. Phillips's Prior Application**

Phillips's prior application for writ of habeas corpus, filed on April 26, 2007, includes an affidavit, signed by him, asserting that

> At the time of my plea I was in the middle of a diabetic episode of hypoglycemia (low blood sugar). I did not know until about a day later that during the middle of my episode I had entered a guilty

plea. My low blood sugar episode was caused by Type One Diabetes, a condition I have suffered from for twenty-one years.

My plea was not knowing or voluntary. I was not in my right mind to do anything as far as decision making. Had I been in my right mind I would not have entered my guilty plea.

An affidavit from Branen Gilbert, one of Phillips's friends who was present in the courtroom when Phillips entered his plea, stated essentially the same facts. Phillips included no medical evidence to support his claim in the application.

In response to the State's request for affidavits, the trial court ordered Phillips's trial counsel to file an affidavit addressing Phillips's complaint. Trial counsel filed an affidavit containing the following:

Before and during the process of entering [Phillips's] plea in these cases, I had ample opportunity to discuss with him the consequences of accepting this plea or taking this matter to trial. While I was advising him, I had face to face contact and extensive verbal interaction with Mr. Phillips. At no time, either prior to the Court proceeding in which he agreed to accept the plea offer nor during t[h]e proceeding itself did he indicate that he was in any sort of diabetic distress.

Furthermore, he did not appear to me to be ashen in color, disoriented in his thinking or verbal responses. His breath was not "fruity" nor did he appear dizzy or faint. In short, he displayed none of the characteristics of an individual suffering from hypoglycemia nor did he indicate that he had any of these symptoms.

The trial court denied Phillips's application for writ of habeas corpus on July 23, 2007.

5

## C. Phillips's Current Application

Phillips argues that his current application should be granted as a proper subsequent application under article 11.072 of the code of criminal procedure.

Section nine of article 11.072 states that a trial court may not consider the merits of or grant relief based on a subsequent application for a writ of habeas corpus filed after final disposition of an initial application under article 11.072 unless

> the [new] application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.

Tex. Code Crim. Proc. Ann. art. 11.072, § 9(a). A legal basis of a claim is unavailable if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a United States court of appeals, or a Texas appellate court on or before the date the applicant filed the previous application. *Id.* § 9(b). A factual basis of a claim is unavailable if the factual basis was not ascertainable through the exercise of reasonable diligence on or before the date the applicant filed the previous application. *Id.* § 9(c).

6

In Phillips's current application, he states the following as grounds for relief:

(1) His guilty plea was involuntary because he is diabetic and his hypoglycemia rendered him incoherent and unable to understand the nature of the charge and the consequences of the plea;

(2) His conviction was obtained by a coerced confession because his jailor deprived him of water and his medication for diabetes and high blood pressure for three days, resulting in a three-day stay in the intensive care unit of Arlington Memorial Hospital to treat him for diabetic ketoacidosis;

(3) His conviction was obtained with evidence from an unlawful search and seizure when police pushed him down and forced their way into his home after he opened the door, questioned his stepdaughter without his consent, and searched his home, finding "alleged evidence which was later used to convict or charge [him]";

(4) His conviction was obtained with evidence obtained from an unlawful arrest, stating that he was arrested because of the bruises on his children without the police hearing his evidence "of how the children lied and fought other children while in the State['s] custody before [he] got custody of them";

(5) He was denied effective assistance of counsel because his appointed counsel did not contact witnesses, character witnesses, or the school staff "that knew a lot about [his] children"; did not contact him until the day of his court hearing; and told him that the attorney "would get paid regardless if he won the case or not"; and

(6) He was denied his right to appeal because, due to the hypoglycemia, he was unable to understand what he was signing away.

Two of Phillips's grounds pertain to his alleged diabetic condition—the same condition upon which he based his earlier petition to claim that his guilty

plea had been involuntary; that application included his signed affidavit as evidence, belying his current assertion that he was not previously aware of the April 26, 2007 application for writ of habeas corpus. Therefore, the trial court did not abuse its discretion by denying the portions of his current application that Phillips addressed in his previous application because the court had already considered the issue of whether his plea was involuntary due to diabetes. And the trial court did not abuse its discretion by denying the remaining related portions of his current application because the voluntariness of Philips's waiver of his right to appeal on account of his medical condition could have been presented in the April 2007 application. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 9(a).

We conclude that Phillips's remaining claims also could have been brought in his April 2007 application. The legal bases for these claims was not unavailable at the time he brought the initial application: the law on coerced confessions, unlawful search and seizure, and ineffective assistance of counsel has existed for decades. *See id.* § 9(b); *see also* U.S. Const. amends. IV–VI; *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *Payton v. New York*, 445 U.S. 573, 100 S. Ct. 1371 (1980); *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). Furthermore, Phillips failed to demonstrate that the factual bases for these claims was not ascertainable to him through the

8

exercise of reasonable diligence on or before he filed the initial application.[4]

*See* Tex. Code Crim. Proc. Ann. art. 11.072, § 9(c). Therefore, we hold that the trial court did not abuse its discretion by denying Phillips's subsequent application for writ of habeas corpus.

### III. Conclusion

Having overruled all of Phillips's issues, we affirm the trial court's order denying Phillips habeas relief.

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 9, 2008

---

[4] Additionally, Phillips attached no affidavits or other evidence to support his arguments with regard to his remaining claims in the instant application.