COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                         NOS.  02-08-259-CR

       02-08-260-CR

 

 

EX PARTE NEWMON RAYMON PHILLIPS                                                 

                                                                                                           

 

                                                  ------------

 

             FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

  Appellant
Newmon Raymon Phillips appeals from the trial court=s order 

denying the relief requested in his application for writ of habeas
corpus.  We affirm.

I. Background








On June 16, 2006, pursuant to plea bargains,
Phillips pleaded guilty to two separate charges of injury to a child with
intent to cause bodily injury; he received six years=
deferred adjudication community supervision on each, as well as a $600 fine on
one of the charges.[2]  On June 16, 2008, Phillips filed the pro se
application for writ of habeas corpus currently before the court on both of the
convictions, alleging six grounds.[3]

The State filed a reply on June 24, 2008,
contending that Phillips had filed an initial application for writ of habeas
corpus on April 26, 2007, alleging one of the same groundsCthat his
guilty plea was involuntary because he was in diabetic shock when he entered
the plea and he did not understand the nature of the proceeding.  The trial court denied that application on
July 23, 2007.  The State argued that,
because Phillips did not explain why his current claims could not have been
raised in his original application, the subsequent application should be denied
as an improper subsequent application for writ of habeas corpus under article
11.072 of the code of criminal procedure.








Phillips filed a reply on June 27, 2008, claiming
that he did not know about and was not previously aware of the April 26, 2007
application and that he only acknowledged the direct appeal filed on July 14,
2006.  He stated, with regard to
subsequent applications under article 11.072, 

I, the applicant, was not
aware of the previous application for habeas corpus writ.  I only knew of the application for the appeal
in which the court denied because of me doing a plea bargain while being
incoherent.  The reason I did not raise
any complaints in the previous application of writ of habeas corpus is because
I was not aware of the application . . . and I was not notified of the
application being brought before the court.

 

Other than Phillips=s
verified application, which included print-outs from the Hypoglycemia Support
Foundation describing hypoglycemia and from eMedicine Health and MayoClinic.com
describing diabetic ketoacidosis, he offered no other affidavits or evidence to
support his claims in the instant applications. 


The trial court denied Phillips=s
applications without a hearing, stating, AThe
Court finds that the applicant does not meet the requirements for the
consideration of a subsequent application for writ of habeas corpus. The Court
orders that this application for writ of habeas corpus be denied.@

II. Discussion

A.
Standard of Review








Article 11.072 provides an opportunity for habeas
corpus relief for defendants convicted of a felony or misdemeanor and ordered
to community supervision.  See Tex.
Code Crim. Proc. Ann. art.
11.072, ' 1
(Vernon 2005); Ex parte Cummins, 169 S.W.3d 752, 756 (Tex. App.CFort
Worth 2005, no pet.).  To prevail on a
writ of habeas corpus, the proponent must prove his allegations by a
preponderance of the evidence.  See Ex
parte Thomas, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995), cert. denied,
518 U.S. 1021 (1996).           If the trial court denies the
application in whole or in part, the applicant may appeal under article 44.02
and rule 31 of the Texas Rules of Appellate Procedure.  See Tex. Code Crim. Proc. Ann. art.
11.072, ' 8;
Ex parte Villanueva, 252 S.W.3d 391, 396B97 (Tex.
Crim. App. 2008).  In reviewing the trial
court=s decision
to grant or deny habeas corpus relief, we view the facts in the light most
favorable to the trial court=s ruling
and, absent an abuse of discretion, uphold the ruling.  See Ex parte Peterson, 117 S.W.3d 804,
819 (Tex. Crim. App. 2003), overruled on other grounds by Ex parte Lewis,
219 S.W.3d 335 (Tex. Crim. App. 2007); Ex parte Twine, 111 S.W.3d 664,
665 (Tex. App.CFort Worth 2003, pet. ref=d). 

B. Phillips=s Prior
Application

Phillips=s prior
application for writ of habeas corpus, filed on April 26, 2007, includes an
affidavit, signed by him, asserting that








At the time of my plea I
was in the middle of a diabetic episode of hypoglycemia (low blood sugar).  I did not know until about a day later that
during the middle of my episode I had entered a guilty plea.  My low blood sugar episode was caused by Type
One Diabetes, a condition I have suffered from for twenty-one years.  

 

My plea was not knowing or voluntary.  I was not in my right mind to do anything as
far as decision making.  Had I been in my
right mind I would not have entered my guilty plea. 

An affidavit from Branen Gilbert, one of Phillips=s
friends who was present in the courtroom when Phillips entered his plea, stated
essentially the same facts. Phillips included no medical evidence to support his
claim in the application.  

In response to the State=s
request for affidavits, the trial court ordered Phillips=s trial
counsel to file an affidavit addressing Phillips=s
complaint.  Trial counsel filed an
affidavit containing the following:

Before and during the process of entering [Phillips=s] plea in these cases, I
had ample opportunity to discuss with him the consequences of accepting this
plea or taking this matter to trial. 
While I was advising him, I had face to face contact and extensive
verbal interaction with Mr. Phillips.  At
no time, either prior to the Court proceeding in which he agreed to accept the
plea offer nor during t[h]e proceeding itself did he indicate that he was in
any sort of diabetic distress.  

 

Furthermore, he did not appear to me to be ashen in color, disoriented
in his thinking or verbal responses.  His
breath was not Afruity@ nor did he appear dizzy
or faint.  In short, he displayed none of
the characteristics of an individual suffering from hypoglycemia nor did he
indicate that he had any of these symptoms. 

 

The trial court denied Phillips=s
application for writ of habeas corpus on July 23, 2007.








C. Phillips=s
Current Application

Phillips argues that his current application
should be granted as a proper subsequent application under article 11.072 of
the code of criminal procedure.

Section nine of article 11.072 states that a
trial court may not consider the merits of or grant relief based on a
subsequent application for a writ of habeas corpus filed after final
disposition of an initial application under article 11.072 unless

the [new] application
contains sufficient specific facts establishing that the current claims and
issues have not been and could not have been presented previously in an
original application or in a previously considered application filed under this
article because the factual or legal basis for the claim was unavailable on the
date the applicant filed the previous application.

 

Tex. Code Crim. Proc. Ann. art. 11.072, ' 9(a).  A legal basis of a claim is unavailable if
the legal basis was not recognized by and could not have been reasonably
formulated from a final decision of the United States Supreme Court, a United
States court of appeals, or a Texas appellate court on or before the date the
applicant filed the previous application. 
Id. ' 9(b).  A factual basis of a claim is unavailable if
the factual basis was not ascertainable through the exercise of reasonable
diligence on or before the date the applicant filed the previous
application.  Id. ' 9(c).








In Phillips=s
current application, he states the following as grounds for relief: 

(1) His guilty plea was
involuntary because he is diabetic and his hypoglycemia rendered him incoherent
and unable to understand the nature of the charge and the consequences of the
plea;

 

(2) His conviction was
obtained by a coerced confession because his jailor deprived him of water and
his medication for diabetes and high blood pressure for three days, resulting
in a three-day stay in the intensive care unit of Arlington Memorial Hospital
to treat him for diabetic ketoacidosis;

 

(3) His conviction was
obtained with evidence from an unlawful search and seizure when police pushed
him down and forced their way into his home after he opened the door,
questioned his stepdaughter without his consent, and searched his home, finding
Aalleged evidence which
was later used to convict or charge [him]@;

 

(4) His conviction was
obtained with evidence obtained from an unlawful arrest, stating that he was
arrested because of the bruises on his children without the police hearing his
evidence Aof how the children lied
and fought other children while in the State[=s] custody before [he]
got custody of them@;

 

(5) He was denied
effective assistance of counsel because his appointed counsel did not contact
witnesses, character witnesses, or the school staff Athat knew a lot about
[his] children@; did not contact him
until the day of his court hearing; and told him that the attorney Awould get paid regardless
if he won the case or not@; and

 

(6) He was denied his right to appeal because,
due to the hypoglycemia, he was unable to understand what he was signing away.








Two of Phillips=s
grounds pertain to his alleged diabetic conditionCthe same
condition upon which he based his earlier petition to claim that his guilty
plea had been involuntary; that application included his signed affidavit as
evidence, belying his current assertion that he was not previously aware of the
April 26, 2007 application for writ of habeas corpus.  Therefore, the trial court did not abuse its
discretion by denying the portions of his current application that Phillips
addressed in his previous application because the court had already considered
the issue of whether his plea was involuntary due to diabetes.  And the trial court did not abuse its
discretion by denying the remaining related portions of his current application
because the voluntariness of Philips=s waiver
of his right to appeal on account of his medical condition could have been presented
in the April 2007 application.  See
Tex. Code Crim. Proc. Ann. art. 11.072, ' 9(a).  








We conclude that Phillips=s
remaining claims also could have been brought in his April 2007
application.  The legal bases for these
claims was not unavailable at the time he brought the initial application: the
law on coerced confessions,  unlawful
search and seizure, and ineffective assistance of counsel has existed for
decades.  See id. ' 9(b);
see also U.S. Const. amends. IVBVI; Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Payton v. New York,
445 U.S. 573, 100 S. Ct. 1371  (1980); Miranda
v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).  Furthermore, Phillips failed to demonstrate
that the factual bases for these claims was not ascertainable to him through
the exercise of reasonable diligence on or before he filed the initial
application.[4]  See Tex. Code Crim. Proc. Ann. art.
11.072, ' 9(c).  Therefore, we hold that the trial court did
not abuse its discretion by denying Phillips=s
subsequent application for writ of habeas corpus.

III. Conclusion

Having overruled all of Phillips=s
issues, we affirm the trial court=s order
denying Phillips habeas relief.

 

PER CURIAM

 

PANEL: MCCOY, J.; CAYCE, C.J.; and
LIVINGSTON, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: October 9, 2008











[1]See Tex. R. App. P. 47.4.





[2]This court dismissed his
direct appeals on August 29, 2006, for failing to file a response showing
grounds to continue the appeals in light of the trial court=s certification that
Phillips had no right of appeal.  See
Phillips v. State, Nos. 02-06-00237-CR, 02-06-00238-CR, 2006 WL 2516357, at
*1 (Tex. App.CFort Worth Aug. 29, 2006,
no pet.) (mem. op., not designated for publication). 





[3]Although Phillips=s application states AAPPLICATION FOR A WRIT OF
HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF
CRIMINAL PROCEDURE, ARTICLE 11.07,@ he acknowledges in subsequent filings that he
makes his application under section 11.072. 





[4]Additionally, Phillips
attached no affidavits or other evidence to support his arguments with regard
to his remaining claims in the instant application.