NO. 07-09-00367-CR; 07-09-00368-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



NOVEMBER
4, 2010

 



 

EX PARTE ALBERT V. JESSEP



 



 

 FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 51,224-A, 51-225-A; HONORABLE HAL MINER, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant
Albert V. Jessep appeals from the trial court's
order denying the relief requested in his subsequent application for writ of habeas corpus, filed under
article 11.072 of the Code of Criminal Procedure.  We affirm.

Background

Jessep=s computer was seized by peace officers while it was being repaired at
an Amarillo computer shop.  The computer=s hard drive contained pornographic images involving children.  By two July 2005 indictments, he was charged
with two possession of child pornography offenses.[1]   In April 2006, Jessep,
represented by retained counsel, plead guilty to each offense.  The trial court deferred adjudication of his
guilt and placed him on community supervision for a period of five years.

Jessep filed notice of appeal in both cases. 
We dismissed his appeals because the trial court=s
certifications under Rule of Appellate Procedure 25.2 stated he had no right of
appeal and the record supported the certifications.  Jessup v. State, No.
07-06-0242-CR, 07-06-0243-CR, 2006 WL 2660776 (Tex.App.BAmarillo Sept. 15, 2006, pet. ref=d) (mem. op., not designated for publication).[2]  Jessep then filed pro se applications for writs of habeas
corpus alleging deficiencies in the indictments
and alleging ineffective assistance of counsel. 
The trial court denied his applications, and we affirmed the trial
court’s denial order.  Ex Parte Jessep,
281 S.W.3d 675 (Tex.App.—Amarillo 2009, pet. ref’d).

In October 2009, Jessep filed a subsequent writ of habeas corpus alleging
four grounds. The trial court considered and denied Jessep’s
writ.  This appeal followed.

Standard of Review  

            Article 11.072
of the Code of Criminal
Procedure provides an opportunity for
habeas
corpus relief for defendants seeking relief from an order or a
judgment of conviction ordering community supervision.  Tex.
Code Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005); Ex parte Cummins, 169 S.W.3d
752, 756 (Tex. App.--Fort Worth 2005, no pet.). To prevail on a writ of habeas
corpus, the proponent must prove his allegations by a
preponderance of the evidence. See Ex parte Thomas, 906 S.W.2d 22,
24 (Tex. Crim. App. 1995), cert. denied,
518 U.S. 1021,
116 S. Ct. 2556, 135 L. Ed. 2d 1074 (1996). If the trial court denies the application in whole or in part, the
applicant may appeal under article 44.02 and rule 31 of the
Texas Rules of Appellate Procedure.  Tex.
Code Crim. Proc. Ann. art. 11.072, § 8; Ex parte
Villanueva, 252 S.W.3d 391, 396-97 (Tex.Crim.App.2008).
In reviewing the trial court's decision to grant or deny habeas corpus
relief, we view the facts in the light most favorable to the trial court's
ruling and, absent an abuse of discretion, uphold the ruling. See Ex parte
Peterson, 117 S.W.3d 804, 819 (Tex.Crim.App.
2003), overruled on other
grounds by Ex parte Lewis, 219 S.W.3d 335
(Tex.Crim.App. 2007); Ex parte Twine, 111 S.W.3d
664, 665 (Tex. App.--Fort Worth 2003, pet. ref'd).

            When,
like here, an applicant files a subsequent application for a writ of habeas
corpus after final disposition of an initial application under article 11.072,
the court may not consider the merits of or grant relief on the subsequent application unless it “contains specific
facts establishing that the current claims and issues have not been and could
not have been presented” in the initial application, “because the factual or
legal basis for the claim was unavailable on the date the applicant filed the
previous application.” Tex.
Code Crim. Proc. Ann. art. 11.072, § 9(a) (Vernon 2005).  A claim’s “legal basis”
is unavailable if it “was not recognized by and could not have been reasonably
formulated from a final decision” of a federal or Texas appellate court at the
time the previous application was filed.  Id. § 9(b).
 The factual basis of a claim is
unavailable if it was not then ascertainable through the exercise of reasonable
diligence. Id. § 9(c).

Application

Jessep’s initial application for writ of habeas corpus challenged
the sufficiency of the evidence supporting his prosecution and a claim of
ineffective assistance of his retained counsel, both grounds being based on
perceived defects in his indictments.  281 S.W.3d at 678. 
Addressing his contentions, we noted the general precept that challenges
to the legal sufficiency of evidence supporting an underlying conviction are not cognizable in habeas corpus proceedings.  Id. at 679, citing, inter
alia, Ex parte Santana, 227
S.W.3d 700, 705 (Tex.Crim.App. 2007).  We noted also that the rule has exceptions,
including those in which an “actual innocence” claim is presented.  Id. at 680, citing, inter
alia, Ex parte Sparks, 206 S.W.3d
680, 683 (Tex.Crim.App. 2006).  We then held that Jessep
had not presented an actual innocence claim, and thus applied the general rule,
finding his claims of the legal insufficiency of the evidence not cognizable in
his habeas corpus proceeding.[3]  Id.

By his subsequent application, through his grounds two
and four, Jessep attempts now to assert an actual
innocence claim.  Cognizant he must
demonstrate that the basis of such a claim was unavailable to him when he filed
his initial application, Jessep contends, via ground
three, that the reporter’s record from his original plea hearing was not
included in the record of his initial application, despite his requests that it
be included, thus preventing presentation of his claim.  For purposes of addressing Jessep’s contention, we will assume, without so holding,
that a deficiency in the record can make the factual basis of a claim
unavailable for purposes of § 9(c) of art. 11.072.  We thus consider the merits of Jessep’s contentions. 


The reporter’s record from the April 17, 2006 plea
hearing is appended to Jessep’s subsequent habeas
corpus application.  It forms the basis
for his contention he has demonstrated a complete absence of evidence to
support his guilty plea.  Beginning his analysis with article 1.15 and its requirement that
the State produce evidence to support a plea of guilty, Tex. Code Crim. Proc.
Ann. art. 1.15 (Vernon 2005), Jessep contends
the trial court heard no evidence to support his plea.  Jessep limits his
analysis to the information the court heard from an informal stipulation.  Toward the end of the plea colloquy, the
trial court asked the prosecutor to briefly state “the facts.”  The prosecutor recited that “some images”
were found on Jessep’s computer at a repair
shop.  Police were called, and took the
computer.  The “images” included those of
children under the age of fourteen. 
After hearing Jessep affirm he had heard the
prosecutor’s brief recitation, the court asked, “Is that what happened?” Jessep answered the court affirmatively.    

Jessep’s contentions in his subsequent application, and here on
appeal, ignore the instruments he signed at the plea hearing, which includes
his court-accepted 
written judicial confession.[4]  Even assuming the
trial court was authorized under § 9(c) of article 11.072 to grant relief under
Jessep’s attempted actual innocence claim, we find
the court did not abuse its discretion by denying relief.  The evidence the court had before it at the
plea hearing met the requirements of the deferred adjudication statute to
“substantiate the defendant’s guilt.”  Tex. Code Crim. Proc. Ann. art. 42.12 § 5 (Vernon 2008); see Donovan, 68 S.W.3d at 636
(describing effects of deferral of adjudication); Labib v. State, 239 S.W.3d 322, 329-30 (Tex.App.—Houston
[1st Dist.] 2007, no pet.) (same).  The habeas record before the court in no way
established Jessep’s actual innocence.

By his fourth claim, Jessep
also advances the contentions he was ineffective acting as his own counsel in
his initial habeas corpus proceeding, and the trial court should have informed
him of his right to counsel in that proceeding.  The contentions are misguided.  Outside of death penalty cases, in Texas
there is no constitutional or statutory right to counsel in habeas corpus
proceedings.  See, e.g., Coleman v. Thompson, 501 U.S. 722, 754, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Martinez v. Johnson, 255 F.3d 229, 240-41 (5th Cir.
2001), cert. denied 534 U.S. 1163,
122 S.Ct. 1175, 152 L.Ed.2d 118 (2002); Ex parte Graves, 70 S.W.3d 103, 113 (Tex.Crim.App. 2002); Cf.
Tex. Code Crim. Proc. Ann. art. 11.071 § 2 (Vernon 2007)
(counsel for habeas corpus applicant seeking relief from judgment imposing
death penalty).  It follows there
is no right to constitutionally effective counsel.  Graves,
70 S.W.3d at 111. 


As we read it, the first ground asserted in Jessep’s subsequent application is a complaint about the
time of the trial court’s handling of his initial application.  The complaint is moot.  This court’s mandate affirming the trial court’s
denial of the initial application was issued on February 12, 2007.  

We find the trial court did not abuse its discretion by
denying Jessep’s subsequent application for writ of habeas corpus.   We
overrule each of Jessep’s issues and affirm the trial
court’s order denying habeas relief.

We have carried with the appeal two motions filed by Jessep, one regarding his request for grand
jury materials, the other requesting abatement of the appeal and remand to the
trial court.  Both are overruled. 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish.         











[1] See Tex. Penal Code Ann. ' 43.26 (Vernon 2003).  This is a third degree felony punishable by
imprisonment for any term of not more than ten years or less than two years and
a fine not to exceed $10,000.  Tex. Penal Code Ann. ' 12.34
(Vernon 2003). 





[2] Appellant=s last name was spelled AJessup@ in the orders from which he appealed.





[3]
We
remain aware that the adjudication of Jessep’s guilt
was deferred.  By addressing his
contentions regarding the sufficiency of the evidence, we do not intend any
general comment on evidentiary sufficiency challenges in deferred adjudication
cases.  Jessep
has not been convicted of the offense to which he plead
guilty.  See Donovan v. State, 68 S.W.3d 633, 636
(Tex.Crim.App. 2002) (contrasting deferred
adjudication and regular community supervision).  





[4]
We take
judicial notice of the contents of the clerk’s record in our file on
appellant’s direct appeals, No. 07-06-0242-CR and No. 07-06-0243-CR. See Tex. R. Evid.
201 (judicial notice).  In addition to showing the court’s acceptance of
his written judicial confession, the plea papers include the trial court’s approval of his waiver of
rights and his consent to stipulations of evidence.  Jessep’s written
judicial confession includes his statements that he had read the indictment
filed in the case and that he “committed each and every allegation it
contains.”  See Menefee v.
State, 287 S.W.3d 9 (Tex.Crim.App. 2009) (addressing
satisfaction of article 1.15’s requirements).